Linh T. Nguyen (Cal. Bar No. 299800)
**LAW OFFICE OF LINH T. NGUYEN**
1901 First Avenue, Suite 222
San Diego, California 92101
Linh@LTNlawoffice.com
(619) 512-2126

Attorney for Samantha Condes**,**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HONORABLE ANTHONY J. BATTAGLIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SAMANTHA CONDES,<br><br>    Defendant. | Case No. 3:21-cr-3198-AJB<br><br>SENTENCING MEMORANDUM<br><br>Date: March 28, 2022<br>Time: 9:00 a.m. |

**I.**

**STATEMENT OF CASE**

On November 18, 2021, a single-count information was filed in the United States District Court, Southern District of California, charging Samantha Condes and Kristen Lauren Khyzoma with transportation of certain aliens and aiding and abetting, in violation of Title 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II).

On January 4, 2022, Ms. Condes pled guilty to the charge. The Honorable Michael S. Berg ordered a Pre-Sentence Investigation Report (PSR) be prepared by the Probation Department. The defendant has reviewed the PSR with counsel and now comes before this Court for sentencing.

## II.

## SUMMARY SENTENCING RECOMMENDATION

Based upon the criteria enumerated under 18 U.S.C. § 3553(a) and an adjustment for mitigating role under USSG § 3B1.2, subdivision (b), the defendant respectfully requests the Court impose a sentence of **time served**.

## III.

## A SENTENCE OF NO MORE THAN TIME SERVED WILL RESULT IN SUFFICIENT BUT NOT GREATER THAN NECESSARY SENTENCE UNDER U.S.C. 3553(a)

A.   <u>The sentencing framework</u>:

Under 18 U.S.C. § 3661 "No limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

B.   <u>Sentencing Goals</u>:

Under 18 U.S.C. § 3582(a) the court is directed to consider certain factors to determine the appropriate punishment, "recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." <u>Id</u>. Under 18 U.S.C. § 3553(a) the court is directed to impose a "sentence sufficient, but not greater than necessary to comply with purposes [of sentencing]." Taken together §§ 3582(a) and 3553(a) reflect a clear Congressional preference for the least possible sentence, and for appropriate alternatives to incarceration.

C. Statutory Factors Under 18 U.S.C. 3553

The Congressional mandate of 18 U.S.C. § 3553, "sentencing criteria" provides in pertinent part:

(a) Factors to be considered in imposing sentence.-
The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-
> (1) the nature and circumstances of the offense and the history and characteristics of the offense and the history and characterization of the
>  defendant;
> (2) the need for the sentence imposed-
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> …..
> (6) the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct;

1. Nature and Circumstances of Offense and Offender

   a. The Offense

On October 22, 2021, United States Border Patrol (USBP) agents observed Ms. Condes, the driver, and Ms. Khyzoma, the passenger, in a Hyundai Santa Fe SUV. (PSR at p. 3) The vehicle stopped at the entrance of Skydive San Diego, and five individuals got into the vehicle. (*Ibid.*) These individuals were later revealed to be adult citizens of Mexico who were illegally present in the United States. (PSR at p. 3)

1    During an interview with U.S. Probation Officer, Jill Johnson-Pogue, Ms. Condes expressed sincere remorse for committing this offense and accepted responsibility for her actions. (PSR at p. 5) She stated she should have thought twice before becoming involved and has learned from her mistake. (*Ibid*.) This experiencing has been life changing. Ms. Condes communicated to counsel that prior to her arrest, she was planning to move out of her parents' house to "start her life." She understands the consequences of her behavior and recognizes the impact a felony conviction will have on her future. (PSR at p. 5) She has reassured counsel this will never happen again.

### b.  The History and Characteristics of Samantha Condes

Ms. Condes was born on September 15, 2002 in Laguna, Philippines. (PSR at p. 2) She is nineteen. (*Ibid*.) Ms. Condes became a United States Citizen on December 15, 2004.

Ms. Condes' father, Rolando Condes (age 55), is a valet attendant. (PSR at p. 7) Her mother, Leah Condes (age 45), is studying for her nurse's license. (*Ibid*.) Ms. Condes lives in San Francisco, California with her parents and two younger siblings, Nicholas (age 14) and Nicole (age 13). (PSR at p. 7)

Ms. Condes immigrated to the United States at two years old. (PSR at p. 7) However, she moved back to the Philippines with her mother and siblings when she was ten years old in order for her mother to attend college classes. (*Ibid*.) Her father remained in the U.S. to continue working. (PSR at p. 7) During her time in the Philippines, Ms. Condes was bullied for being shy and quiet. (*Ibid*.) This caused her to experience frequent panic attacks and social anxiety. (PSR at p. 7) She feared going to school. (*Ibid*.) The anxiety dissipated after her return to the United States to attend high school. (PSR at p. 7)

Ms. Condes experienced a positive upbringing and has a close relationship with her family. (Exhibit A; PSR at p. 7) She always wanted siblings and was excited when her brother and sister were born. Ms. Condes enjoyed taking care of her siblings, and currently spends her free time with them. (PSR at p. 7) Ms. Condes' mother describes her daughter as a "respectful and giving person" who is "always willing to help others." (*Ibid*.) She is the type of individual who would drop "everything to go aid her friend," "stay late with you during dismissal in school until you are finally picked up," "go to your classroom and wait for you during break time," and "the type to call you at 4 am just to say that she missed you." (Exhibits B and C) Ms. Condes is "memorable" and brings "technicolor" to everyone's lives. (*Ibid*.) That is why her involvement in this offense "shocked" her friends and family. (PSR at p. 7; Exhibit D) Ms. Condes' mother never thought her daughter would appear before a judge. (PSR at p. 7) However, her family and friends remains extremely supportive of Ms. Condes during this process. (*Ibid*.) Ms. Condes' family will be present at the Sentencing Hearing to provide support.

Growing up, Ms. Condes spent several days each week with her grandfather and cared for his two dogs. (PSR at p. 7) She took them on long walks and to the beach. Ms. Condes had always wanted her own dog and in 2017, she adopted two rescues – Sooner, a Terrier/Corgi mix, and Buddy, a Terrier/Chihuahua mix. (Exhibit E) Her two dogs have provided so much love and happiness to the family and have helped to decrease the anxiety Ms. Condes previously experienced.

Ms. Condes graduated from John O'Connell High School of Technology in June 2021 with a 3.65 GPA. (Exhibits F and G) Her teacher, Matthew Colley, described Ms. Condes as a "conscientious, hard-working, and thoughtful young person." (Exhibit H). She was a "very strong student" who "worked hard to do her best on all her school assignments and projects." (*Ibid*.) Ms. Condes is fluent

in English and Tagalog. (PSR at p. 8) Though she was admitted into several four year universities, she was unable to afford the tuition. (Exhibit H) Ms. Condes is currently a freshman at San Francisco City College and is studying Film. (*Ibid*.) She is interested in becoming a film maker or script writer in independent and thriller films. (PSR at p. 8) Ms. Condes created a documentary of her pet adoption journey, which won 2nd place in a Petco competition.[1] Ms. Condes used her winnings to support Front Street Animal Shelter, where she adopted her dogs.

Ms. Condes currently works at Luke's Local in San Francisco, a local grocery store. (PSR at p. 8) She cleans and stocks the shelves. (*Ibid*.) Her employment record includes meal prepping at a pizzeria, cashier/barista at different cafes and bakeries, and working as a plumber. (PSR at p. 8) Ms. Condes plans to continue working at the grocery store while she attends college. (*Ibid*.)

2. Minor Role

a. Applicable Law

Section 3B1.2 of the United States Sentencing Guidelines provides that a defendant's offense level shall be decreased if the person's role in the offense was minor. The guidelines specifically require courts to make individual fact-based determination in each case. (USSG § 3B1.2 comment (backg'd).)

In § 3B1.2, the Sentencing Commission did not institute a unitary, 2-level reduction for a one-size-fits-all mitigated role. It specifically provided for a 4-level reduction for minimal participants at the lowest level of culpability, an

---

[1] https://www.youtube.com/watch?v=eir6UWqnMQM

intermediate level of a 3-point reduction for those whose role falls between minimal and minor, and only then a 2-level minor role reduction.

In deciding whether a defendant's conduct in the underlying offense should be viewed as minimal, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise should be considered. (USSG § 3B1.2 comment (n.4).) A 2-level reduction for minor role should be implemented when a defendant is less culpable than most other participants, but whose role could not be described as minimal. (USSG § 3B1.2 comment (n.5).)

### b. Background and Offense Conduct

Ms. Condes and the codefendant have known each other for four years, through high school. They regularly take short trips together, mostly local. The two girls planned a road trip to Los Angeles, California, which Ms. Condes was excited about prior to starting her job. Ms. Condes had plans to meet with friends who lived in Los Angeles and potentially visit Universal Studios. At some point, the codefendant saw and Instagram Story post by a skater influencer she follows who was looking for drivers in Los Angeles area. The codefendant had seen previous posts by this Instagramer looking for drivers. Ms. Condes and the codefendant both agreed to request more information regarding the ad post.

While Ms. Condes was driving toward Los Angeles, the codefendant messaged with the Instagramer who was advertising for drivers. This individual explained that the job involved picking up workers who work for him and his brother. The girls understood they would be paid $1,000 total to pick up the workers in San Diego and drop them off in Orange County, California. The two girls agreed they could use the money for their trip or to get a hotel room versus sleeping in the car, which was what they had done on their previous road trips.

The codefendant was then told to speak to the individual's boss and was provided with his Instagram contact. The boss gave her a location to pick up his workers in Chula Vista, California. The boss continuously checked in regarding the girls' location and asked how far they were from the pickup spot. The boss asked them to share their location so he knew where they were. The boss even asked them to "drive faster" as the "workers have been waiting."

Once the two girls reached the location, five men jumped into the vehicle. Ms. Condes and the codefendant were scared and did not know what to do. They were afraid to say anything that could compromise their safety. However, Ms. Condes did realize these men were likely undocumented individuals. The boss instructed the girls to drive to Orange County where he would then provide the address of where to drop off his workers.

### c. Legal Argument

Ms. Condes is deserving of a two-point reduction for "minor role." Ms. Condes did not understand the scope and structure of this offense. She did not plan or organize this crime. Ms. Condes did not exercise decision-making authority. She followed the instructions from the Instagramer and his boss. Ms. Condes had no knowledge of what organization the Instagramer or his boss worked for. She has no specific information on how the Instagramer or his boss found potential drivers. Ms. Condes does not know anyone else who was working for the Instagramer or his boss.

Ms. Condes was substantially less culpable than the average participant involved in this case. Known individuals such as the Instagramer and his boss were average participants and substantially more culpable than Ms. Condes. Ms. Condes is the type of defendant the Commission had in mind when it structured adjustments based on 3B1.2.

### 3. Just Punishment, Deterrence, and Protecting the Public

A sentence of no more than **time served** would result in just punishment. U.S. Probation Officer, Jill Johnson-Pogue, recommends a sentence of **time served** and noted that it "does not appear that an additional custodial sanction is necessary to meet the objectives of sentencing."

Ms. Condes turned nineteen-years-old prior to her arrest. After interviewing Ms. Condes, Officer Johnson-Pogue, believed Ms. Condes "is very young and appears rather naïve." (PSR at p. 11) She understood that Ms. Condes had limited "life experience" as "she is both emotionally and financially supported by her parents." (*Ibid.*) Ms. Condes has no prior criminal conduct. She has a criminal history score of zero and is a criminal history category I. (PSR at p. 6) This was her first experience in the criminal justice system.

Prior to her arrest, Ms. Condes underwent outpatient surgery to remove a boil. (PSR at p. 7) While in custody, Ms. Condes had an open wound that she feared would become infected. She had difficulty obtaining her antibiotics and necessary medications. The time Ms. Condes spent incarcerated was challenging, especially with the numerous outbreaks as a result of COVID-19.

Ms. Condes will not become involved in this type of offense again. This was aberrant behavior that will not reoccur. Her time in custody was "eye opening." Officer Johnson-Pogue stated that it did not appear that Ms. Condes "considered the consequences of her conduct herein and the collateral consequences of a felony conviction will now follow her from a young age." (PSR at p. 11) Ms. Condes has told counsel that this is not the type of future she envisioned for herself. She recognizes that she placed herself in this position and accepts responsibility for her actions.

As sentence of **time served** will reflect the seriousness of this offense, while appropriately taking into account Ms. Condes' personal characteristics. A **time served** sentence will not create disparity between her and similarly situated defendants. It will promote respect for the law, while not resulting in a greater than necessary punishment.

Based upon Ms. Condes's age, lack of criminal history, and family support, a **time served** sentence would adequately protect the public and ensure Ms. Condes does not commit future crimes.

## IV.
## CONCLUSION

For the foregoing reasons, defendant Samantha Condes respectfully requests the Court impose a sentence of no greater than **time served**.

DATED: March 21, 2022      By:    /s/ Linh T. Nguyen
                                            Linh T. Nguyen

                                         Attorney for Samantha Condes